**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| RICHARD SANCRUZADO, individually and on behalf of all others similarly situated, | Case No. 1:23-cv-24661-KMM |
| Plaintiff, | **DECLARATION OF MICHAEL ELLIS IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| RUMBLE INC., | |
| Defendant. | |

I, Michael Ellis, declare under penalty of perjury as follows:

1.  I am General Counsel and Corporate Secretary of Rumble Inc. ("Rumble").

2.  I submit this declaration in support of Rumble's Motion to Dismiss.  I submit this declaration on behalf of Rumble Inc. and on behalf of affiliates of Rumble Inc., such as Rumble Canada Inc., that may be subject to a lawsuit brought by Richard Sancruzado in Canada (the "Rumble Entities").

3.  Except where otherwise indicated, all statements concern facts as of December 9, 2023, the date of the Complaint in the above-captioned matter.

4.  Annexed hereto as Exhibit 1 is a true and correct copy of an Order from the United States District Court in the Middle District of Florida dated December 22, 2023 in the action *Martinez v. Rumble, Inc.*, No. 22-2237 (M.D. Fla. Dec. 22, 2023) (the "Earlier Class Action").

5.  Annexed hereto as Exhibit 2 is a true and correct copy of the Amended Complaint dated August 31, 2023 in the Earlier Class Action.

### I.      Rumble's Corporate Structure

6.   Rumble is a U.S.-based holding company that indirectly owns Rumble Canada Inc., the Canadian entity operating the Rumble online video platform.

7.   Annexed hereto as Exhibit 3 is a true and correct copy of Rumble's Quarterly Report on Form 10-Q/A filed with the SEC on November 15, 2022.

8.   Annexed hereto as Exhibit 4 is a true and correct copy of Rumble's Registration Statement on Form S-1 filed with the SEC on November 4, 2022.

9.   Annexed hereto as Exhibit 5 is a true and correct copy of a Schedule 13D filed by one of Rumble's directors with the SEC on September 26, 2022.

10. Rumble Canada Inc. is incorporated under the laws of Ontario, Canada at the address of 218 Adelaide St. W, Suite 400, Toronto, Ontario, Canada.

11. Rumble's CEO and the majority of the company's senior executives live and work in Canada.

12. Until September 19, 2022, Rumble Canada Inc. was known as Rumble Inc.

13. On September 19, 2022, Rumble was publicly listed on the NASDAQ exchange.  This listing followed a business combination between a special purpose acquisition company (SPAC) called CF Acquisition Corp. VI and the Canadian company that at the time was named "Rumble Inc.," which closed on September 16, 2022.

14. In connection with the closing of the transaction, the SPAC changed its name to Rumble Inc., and the Canadian entity formerly known as Rumble Inc. was re-named Rumble Canada Inc.

15. At all relevant times pertaining to Plaintiff's Complaint, the entity now known as Rumble Canada Inc. operated the Rumble online platform.

## II.     The Terms and Conditions

16. Upon signing up for a Rumble.com account, users are required to affirmatively agree with and consent to the Website Terms and Conditions of Use and Agency Agreement (the "Terms and Conditions").

17. Annexed hereto as Exhibit 6 is a true and correct copy of the Terms and Conditions in force at the time the Complaint was filed in this action.

18. A link to the Terms and Conditions is displayed near the "Register" button, as shown in the following screenshot of the registration page as it appeared on the Rumble.com web registration page as of the date the Complaint was filed in this action:



19. At all times since at least 2014, in order to create a Rumble.com account, a user has needed to (i) check a box indicating agreement with the Rumble.com Terms and Conditions and (ii) click "Register."

20. At all times from December 9, 2023 and for at least two years prior, the Terms and Conditions included a choice of law and forum selection provision that provided as follows:

> These Terms of Use and the Agency Agreement, shall be governed by and construed in accordance with the laws of the Province of Ontario or, at Rumble's discretion, the federal laws of the United States, excluding its conflicts of law rules. You expressly agree that the exclusive jurisdiction for any claim or action arising out of or relating to these Terms of Use, the Agency Agreement, or your use of the Rumble Services, shall lie only in the Ontario Superior Court of Justice at Toronto, or at Rumble's discretion, in the United States Federal District Court for the judicial district in which your address is located, or if your address is outside of the United States, for any judicial district in the United States, and you further agree to and submit to the exercise of

personal jurisdiction of such courts for the purpose of litigating any such claim or action.

21. At all times since at least 2014, the Rumble.com Terms and Conditions have contained a forum-selection clause pointing to Ontario, Canada.

22. The Rumble.com Terms and Conditions also provide that "Rumble reserves the right, in its discretion, to update or revise the Terms of Use. Please check the Terms of Use periodically for changes. Your use of the Rumble Service subsequent to the posting of any change(s) to the Terms of Use will be deemed your acceptance of such change(s)."

23. At all times since at least 2014, the Rumble.com Terms and Conditions have contained a provision similar to that described in the preceding paragraph.

### III.   Dismissal for Forum Non Conveniens

24. The Rumble Entities agree, as a condition of a dismissal of this case in favor of the appropriate Canadian court, to do the following as to a lawsuit brought there by Plaintiff Richard Sancruzado based on the conduct alleged in the Complaint in this action:

a. to accept service of process and submit to the jurisdiction of an appropriate Canadian court (subject to Plaintiff's compliance with any required administrative steps in the Canadian forum);

b. to not file objections based on any statute of limitations for the period from the date of the initial complaint in this action to the date Plaintiff files the action in the appropriate Canadian court, so long as Plaintiff files an action in the appropriate Canadian court within fifteen months from the date the Court enters its judgment in this action;

4

c.  to make available to the appropriate Canadian court any witnesses or documents in the Rumble Entities' possession, custody, or control that the appropriate Canadian court may deem relevant;

d.  to not argue before the appropriate Canadian court that the matters raised by Sancruzado in his Complaint lack a real and substantial connection with Canada;

e.  to not argue before an administrative tribunal in any required administrative steps in the Canadian forum, including before the Office of the Privacy Commissioner, that the matters raised by Sancruzado in his Complaint lack a real and substantial connection with Canada; and

f.  to respect any post-appeal judgment entered by the appropriate Canadian court.

25. The Rumble Entities' waiver extends only to the foregoing.

\*     \*     \*

26. I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 2, 2024.
Washington, D.C.

_____
Michael Ellis

5